**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

JOSEPH BASHAM,
        *Defendant-Appellant.*

No. 01-4360

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-96-29)

Submitted: September 25, 2001

Decided: October 15, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Samuel D. Marsh, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The district court revoked Joseph Basham's term of supervised release and sentenced him to serve fifteen months in prison. Basham's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nevertheless, in his brief, counsel addressed the possibility that the district court's sentence was unduly harsh. Basham filed a pro se supplemental brief in which he appears to challenge whether he violated the terms of his supervised release. He also makes a vague allegation of ineffective assistance of counsel. Finding no error, we affirm.

Basham was convicted in 1996 of possession of stolen goods, and he was sentenced to eighteen months imprisonment and three years of supervised release. In January 2000, the probation officer filed a petition alleging that Basham violated the terms of his supervised release.

Because Basham did not object to his sentence at the revocation hearing, we review his claims for plain error and find none. *United States v. Olano*, 507 U.S. 725, 732-33 (1993). The record shows that Basham violated the terms of his supervised release by failing to notify his probation officer of changes in his address and employment, remaining out of contact for approximately one year,[1] and by failing to make required restitution payments.[2] Basham admitted these violations. As a result, the district court did not err in finding that Basham violated the terms of his supervised release.

---

[1]Basham's whereabouts were unknown until he was arrested on state charges.

[2]Basham was originally ordered to pay $107,352 in restitution. At the time of the hearing, he had made payments of only $756, despite a payment schedule requiring a far greater amount.

We likewise find no plain error in the sentence imposed by the district court. Basham's sentence is well within the statutory maximum. Moreover, even though the policy statements found in Chapter 7 of the Sentencing Guidelines are merely advisory,[3] the district court expressly considered them and found them to be inadequate under the circumstances.

Finally, to the extent Basham alleges that counsel rendered ineffective assistance, this claim should be raised in the district court in a habeas corpus proceeding rather than in this court by direct appeal, unless the ineffectiveness "conclusively appears" on the record. *United States v. Smith*, 62 F.3d 641, 651 (4th Cir. 1995). We find no such glaring deficiencies here.

We have examined the entire record in this case in accordance with the requirements of *Anders* and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm the district court's order revoking Basham's term of supervised release and sentencing him to fifteen months imprisonment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

*AFFIRMED*

---

[3]*United States v. Davis*, 53 F.3d 638, 642 (4th Cir. 1995).